UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ) | |
| INFORMATION ASSOCIATED WITH THE ) | |
| UNIQUE FACEBOOK IDENTIFICATION ) | 3:13-MJ-00051 |
| NUMBERS AND ASSOCIATED ALIASES, ) | |
| IDENTIFIED IN ATTACHMENT A THAT ARE ) | |
| STORED AT THE PREMISES CONTROLLED ) | |
| BY FACEBOOK, INC. ) | |

## MOTION TO RESEAL

COMES NOW the United States of America through its attorney and requests that the Search and Seizure Warrant, the Application for Search and Seizure Warrant, the Search and Seizure Warrant Affidavit, the Inventory Return, the Motions to Seal and to Reseal, the Orders to Seal and to Reseal, and all related documents remain sealed by this Court until at least October 31, 2022, based on recently provided information concerning the Canadian criminal prosecution of Aydin Coban ("Coban"), and as set forth in more detail below.

This Court issued an order for a search warrant on October 10, 2013, in the above-referenced matter. Since that day, this Court has granted the Government's Motion to Seal and several motions to keep the relevant documents under seal. Coban was convicted in the Netherlands on March 16, 2017 and sentenced to nearly eleven years of imprisonment. The International Affairs Group of the Canadian Department of Justice informed U.S. authorities that on December 8, 2020, the Netherlands surrendered Coban to Canadian authorities to stand trial for extortion and child pornography offenses, following the Netherlands' grant of extradition on those offenses. Authorities in the Netherlands delayed his surrender during 2020 due to the COVID-19 pandemic. Given the need for discovery

and pre-trial motions, Coban's trial in British Columbia, Canada, is scheduled to begin in June 2022 and expected to conclude by late August or early September 2022.

Canadian authorities intend to prosecute Coban for extortion, possession of child pornography for the purpose of distribution, possession of child pornography, communication with a person under the age of 18 years for the purpose of facilitating the commission of a criminal offense, and criminal harassment, in violation of Canadian law, specifically, Sections 346(1.1)(b), 163.1(3), 163.1(4), 172.1(1), and 264 of the Criminal Code of Canada.[1] The roughly parallel U.S. violations would be 18 U.S.C. § 875(d)

---

[1] Section 346 – Extortion:

    (1) Every one commits extortion who, without reasonable justification or excuse and with intent to obtain anything, by threats, accusations, menaces or violence induces or attempts to induce any person, whether or not he is the person threatened, accused or menaced or to whom violence is shown, to do anything or cause anything to be done.
    (1.1) Every person who commits extortion is guilty of an indictable offence and liable (b) in any other case, to imprisonment for life.

Section 163.1 – Possession of Child Pornography Offenses:

* * *

    (3) Every person who transmits, makes available, distributes, sells, advertises, imports, exports or possesses for the purpose of transmission, making available, distribution, sale, advertising or exportation any child pornography is guilty of an indictable offence and liable to imprisonment for a term of not more than 14 years and to a minimum punishment of imprisonment for a term of one year.
    (4) Every person who possesses any child pornography is guilty of (a) an indictable offence and is liable to imprisonment for a term of not more than 10 years and to a minimum punishment of imprisonment for a term of one year.

Section 172.1 – Communication with a person under the age of eighteen years for the purpose of facilitating the commission of a criminal offense:

    (1) Every person commits an offence who, by a means of telecommunication, communicates with (a) a person who is, or who the accused believes is, under the age of 18 years, for the purpose of facilitating the commission of an offence with respect to that person under . . . section . . . 163.1.

* * *

Section 264 – Criminal Harassment:

    (1) No person shall, without lawful authority and knowing that another person is harassed or recklessly as to whether the other person is harassed, engage in conduct referred to in subsection (2) that causes that other person reasonably, in all the circumstances, to fear for their safety or the safety of anyone known to them.
    (2) The conduct mentioned in subsection (1) consists of
    (a) repeatedly following from place to place the other person or anyone known to them;
    (b) repeatedly communicating with, either directly or indirectly, the other person or anyone known to them;

(extortion, punishable by imprisonment of not more than 2 years); 18 U.S.C. § 2252(a)(2) (receipt and distribution of child pornography, punishable by imprisonment of at least 5 but not more than 20 years); 18 U.S.C. § 2252(a)(4) (possession of child pornography, punishable by imprisonment of not more than 10 years); 18 U.S.C. § 2422(b) (enticement and attempted enticement of a minor, punishable by imprisonment of not less than 10 up to life); and 18 U.S.C. § 2261A(2)(B) (engaging in a course of conduct with intent to harass or intimidate that would reasonably be expected to cause a person substantial emotional distress).

The Affidavit in Support of Application for a Search Warrant (the "Affidavit") filed in this case on or about October 10, 2013 described an individual believed to be in the Netherlands, later determined to be Coban, who used 96 Facebook accounts to extort females, mostly minors, to provide sexually explicit images of themselves. The warrant application sought the content of those 96 Facebook accounts, presenting as factual support the findings of an internal investigation Facebook conducted into the use of those 96 accounts. The Affidavit recites that at the time it was filed U.S. authorities had used the information Facebook reported to law enforcement to identify 33 victims in the United States. The Affidavit provided the details of Coban's exploitation of four of those victims, including the victim in Charlottesville.

Furthermore, the Affidavit described Coban's threats toward the victim in the case pending prosecution in Canada (the "Canadian Victim"). The Canadian Victim is well-known in Canada and the United States as a victim of child exploitation who committed

---

(c) besetting or watching the dwelling-house, or place where the other person, or anyone known to them, resides, works, carries on business or happens to be; or
(d) engaging in threatening conduct directed at the other person or any member of their family.

suicide, as the Affidavit recites, on October 10, 2012. Her death was reported in major news outlets in Canada and the United States. The mother of the Canadian Victim is an outspoken advocate for measures to prevent bullying. For these reasons, although the Canadian Victim is not named in the Affidavit, she would be readily identifiable based upon the Affidavit's description of her location (British Columbia), her approximate age, and the date of her death. The Affidavit recites that the target perpetrator was known to use the Facebook screenname "Tyler Boo" to exploit victims. It has been widely reported in the press that Coban sent extortion demands to the Canadian Victim using the same Facebook screenname. For those reasons and because the Affidavit recited that the user of the target Facebook accounts was believed to be in the Netherlands, it would be apparent to a reader of the Affidavit that it discusses an investigation into Coban's activities. It is therefore possible that if the Affidavits are unsealed that the press would report on the voluminous activities documented in the Affidavit and attribute to Coban the bad acts described there.

      Canadian law provides for a criminal defendant's right to an impartial jury. Canadian authorities believe that if the details regarding Coban's 33 victims in the United States becomes public and the press reports on it before the trial, it could harm their chances of empaneling an impartial jury, leading either to a very long jury selection process or to an order for a new trial on appeal. Should details regarding Coban's tactics and victims outside Canada reach the press, including the information the Affidavit describes about the Coban's 33 victims in the United States, Canadian authorities are concerned that Coban would challenge numerous individual jurors and argue that the ultimate outcome of the trial was due to a jury unfairly influenced by allegations of bad acts in the press not included

in the trial evidence, including the large number of Coban's alleged victims and the measures he took to extort or humiliate them.

Canadian authorities anticipate admitting at trial documentary evidence showing the similarity between the method and phrasing Coban used to threaten and humiliate the Canadian Victim and the method and phrasing he used to do the same to other victims as a means of proving Coban was the user of the accounts used to threaten and humiliate the Canadian Victim. This is roughly equivalent to material admissible under Federal Rule of Evidence 404(b)(2) to prove identity. Canadian authorities anticipate presenting, however, a limited portion of this material, meaning that the evidence offered at Coban's Canadian trial would not mention the high volume of Coban's victims in the United States and elsewhere.

Canadian authorities have represented that during Coban's trial in the Netherlands, most publicity regarding the facts of the case was in Dutch, and for that reason, it did not circulate greatly in the English language press. Since Coban's surrender, the Canadian press has reported his arrival in Canada, the nature of the charges he faces in Canada, and an overview of his fraud offenses in the Netherlands. A "publication ban" from the Canadian trial court still prevents the Canadian press from reporting on matters in Coban's pre-trial motions process, but if the details regarding Coban's 33 U.S. victims were to become public with the unsealing of the Affidavit and related documents, the Canadian press would be largely free to publish it. The publication ban continues until the jury begins hearing evidence. While evidence is being presented to the jury, the Canadian press will be free to report only the material presented to the jury but not matters in court outside the

5

jury's hearing. When the jury retires and is sequestered, then the Canadian press will be free to report on all matters in the trial.

For these reasons, the public availability of the Affidavit and related documents create a potential for harm to the Canadians' prosecution of Coban. The Affidavit's explanation that a single user, now identifiable as Coban, used 96 Facebook accounts to lure, threaten, and exploit mostly minor girls would be potentially prejudicial to the prosecution of Coban in Canada, where the jury will be asked to consider evidence that Coban attempted to extort images out of the Canadian Victim and will be presented with evidence regarding a handful of other victims for purposes of proving Coban's identity as the perpetrator.

Consequently, the Government is requesting that the Search and Seizure Warrant, the Application for Search and Seizure Warrant, the Search and Seizure Warrant Affidavit, the Inventory Return, the Motions to Seal and to Reseal, the Orders to Seal and to Reseal, and all related documents be kept under seal until further order of the Court and until at least October 31, 2022, for now—with the possibility of further extension as circumstances warrant—as further explained below and as has been set forth in prior motions.

Based on the foregoing:

There is reason to believe that public notice of the Search and Seizure Warrant, the Application for Search and Seizure Warrant, the Search and Seizure Warrant Affidavit, the Inventory Return, the Motions to Seal and to Reseal, the Orders to Seal and to Reseal, and any related documents will cause harm to the Canadian prosecution of Coban.

    For the reasons set forth above, the United States respectfully moves this Honorable Court to seal and reseal the above-listed documents until further order of this Court.

                                    Respectfully submitted,

                                    CHRISTOPHER R. KAVANAUAGH
                                  UNITED STATES ATTORNEY

Date: January 27, 2022                /s/ *Ronald M. Huber*
                                    Ronald M. Huber (Virginia Bar No. 31135)
                                    Assistant United States Attorney
                                    255 West Main Street | Room 130
                                    Charlottesville, Virginia 22902
                                    434-293-4283
                                    Ron.Huber@usdoj.gov

## ATTACHMENT A

### Property to Be Searched

This warrant applies to information that is stored at premises owned, maintained, controlled, or operated by Facebook, a company headquartered at 151 University Avenue, Palo Alto, California, 94301 associated with the following Facebook account(s):

User IDs: 1616507556, 100000659608598, 100001572142810, 100001578424626, 100001580666568, 100001746389180, 100001747588302, 100001929381111, 100002353436107, 100002506557335, 100002544171178, 100002553207900, 100002735580148, 100002891689885, 100002910286086, 100002936933316, 100002946410451, 100002962685611, 100002988658758, 100002999288860, 100003015995599, 100003027130578, 100003028523477, 100003075567776, 100003075767511, 100003195537956, 100003235046757, 100003235455669, 100003236024571, 100003269432856, 100003269712266, 100003271743123, 100003286885305, 100003297152082, 100003303517895, 100003307537495, 100003321503333, 100003324408982, 100003341422735, 100003345247052, 100003370110754, 100003397217341, 100003439974922, 100003471888908, 100003487133495, 100003490700519, 100003494956120, 100003497778975, 100003497925977, 100003502009604, 100003530773801, 100003575141904, 100003586293302, 100003613474942, 100003716802577, 100003738879773, 100003767245286, 100003768605041, 100003775904470, 100003789832537, 100004205534490, 100003124538631, 100003824506450, 1591770448, 100002430485337, 100004693391269, 100005079756098,

|       |       |
|-------|-------|
|       | 100005038686699, 100004641363150, 100004658913992, 100004675623916, 100004655852994, 100004677992623, 100004630269826, 100005027312290, 100004923280127, 100004880772258, 100004843601289, 100004791133905, 100004893303852, 100004842694281, 100005264921660, 100005515600057, 100005500269715, 100005626831374, 100005929773217, 100005874313876, 100006057340116, 100006077443086, 100006125011636, 100006126042473, 100006210423334, 100006249696841, 100006267764397, 100001703244792, 100001328318239. |
| Name: | Kody Maxson, Alice Mcalister, Nicky Micky, Luth Clan, IWill SendIt, Tiger Meow, Jennifer Plain, Miranda Todd, Michael Taylor, Marc Burrows, Ashley Canter, Kelsey Melsey, Mel Raine, Marc Camille Marc Camerons, Monica Stewart, Marc Camerons, Darren Miles Marc Camerons, Kelsey Bammerz, Marc Camerons, Tyler Boo Mary Walsh, Mary Newfound, Tyler Higgins, Shae Nora, Justin Platt, Marc Cohen, Karoline Silverberg, Jenny Cohen, Jessica Collins, Marc Ceefor, Mariska Cohen, Sydney Ling, Tyler Collinz Justin Welsh, Gaby Tedford, Marc Camerons, Tyler Clinton Mary Clifford, Cody Denisson, Jordan Stolar, Cody Cena Olive Kubi, Marc Maceron, Cody Hoodlum, Leanna Frye Pena Arianna, Dariana Ariana Pena Patterson, Becca Gill Marc Camerons, Marc Camerons, Katie Fry, Tundra Manson Kaitlin Frye, Martin Canton, Lars Merckin, Kyle Hymen Norito Marc Camerons, Dylan Polo, Austin Collins, Marc Camer Tomas Coco Pops (formerly Tomas Coll and Tomass Norris) Sietse Goossens, Sidnuh Merclans, Kelseeh Rayn, Jaydeh Germanuh |

A-2

Brandns Fathr, Brandoons Fathr, Brandon Tay, Brandons Fahtr

Bekkaah Fther, Brandons Fahter, Duckami Mahckie,

Mackieroni Gemmaro, Davee Sucret, Gemmaduck Mackieearphones

Hannuah Blaize Moar, Jehnafur Truhn, Jehenufer Trinuh

Calimestor Lempollam, Tedyuhak Matkela, Tedueye Kamalery

Tsirhc Jesus, Derrick Fischer, Marcelinda McTomas, Linda Aylim

Mirahal Cannister, Mirandela Sintaford, Merandila Simtaferd

Mintali Simtom, Terliyam Hefter, Malinday Forsent

Micantora SendingyourVideo Tombalso, Kikarino Maldonero

A-3